**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**(Miami Division)**

JENNIFER KIM                     :
                                    :
       Plaintiff               :
                                      :
v.                                  :    Civil Action No: _____
                                      :
MIAMI DOWNTOWN CORP. d/b/a    :
La Granja Parrilla & Seafood       :
                                      :
       Defendant           :

## COMPLAINT

Plaintiff Jennifer Kim, by and through counsel, THE LAW OFFICES OF RONALD S. CANTER, LLC and Ronald S. Canter, Esquire, seeks judgment against Defendant Miami Downtown Corp. d/b/a La Granja Parrilla & Seafood, in the amounts and on the grounds hereinafter set forth:

### PARTIES

1.  Plaintiff Jennifer Kim ("Plaintiff" or "Ms. Kim") is over the age of 18 and is a citizen of State of Maryland.

2.  Defendant Miami Downtown Corp. d/b/a La Granja Parrilla & Seafood ("Defendant") is a Florida corporation with its principal place of business in Tamarac, Florida, and is deemed a citizen of the State of Florida.

### JURISDICTION

3.  This Court has diversity jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

4.  Venue is proper in this District because the Defendant's principal place of business is in this District and the events giving rise to Plaintiff's causes of action occurred in this District.

## **BACKGROUND FACTS**

5.   Plaintiff adopts by reference the allegations of ¶¶ 1 – 4 of the Complaint as if herein fully set forth.

6.   On February 26, 2018, Plaintiff was visiting Miami, Florida and decided to eat lunch at Defendant's restaurant known as "La Granja Parrilla & Seafood" located at 127 SE 2nd Avenue, Miami, Florida 33136 (the "Restaurant").

7.   The public areas of the Restaurant were owned, managed, and/or maintained by Defendant at all times when Plaintiff was dining.

8.   Upon information and belief, Defendant had mopped the floor adjacent to Plaintiff's table prior to Plaintiff's arrival at the Restaurant.

9.   Despite mopping the floor next to Plaintiff's table, Defendant failed to dry the area and/or place any warning signs to notify patrons that the floor was wet.

10. When Plaintiff was walking near her table, the wet floor caused Plaintiff to slip and fall, causing injuries more fully described below.

11. Solely as a result of the failure of the Defendant to properly dry the floor of the Restaurant after mopping and/or placing signs notifying patrons that the floor was wet, Plaintiff sustained serious and severe injuries to her person, including, but not limited to the following injuries: soreness and pain to her knee, back, neck, pelvis, and wrist, and other serious and severe personal injuries.

12. Plaintiff continues to suffer from ongoing injuries solely as a result of Defendant's actions.

## **COUNT I (NEGLIGENCE)**

13. Plaintiff adopts by reference the allegations of ¶¶ 1 – 12 of the Complaint as if herein fully set forth.

14. The aforesaid incident at the Restaurant occurred as a result of and was proximately caused by the careless and negligent conduct of Defendant, which consisted of the following particulars:

- Failing to properly supervise the common public areas in question so as to furnish to the Plaintiff a safe walkway, free of hazards which were caused, recognized, or should have been recognized by Defendant, as causing or likely to cause serious physical harm to Plaintiff and others;

- Failing to maintain the common public areas in question in a safe condition to ensure that the Plaintiff would not be caused to slip and fall as a result of the wet floor which existed and which was known and should have been known to the Defendant.

- Failing to properly inspect the common public areas in question wherein the Plaintiff was caused to fall as a result of the wet floor.

- Failing to maintain the common public areas owned by the Defendant in good and safe condition for the Plaintiff and others.

- Failing to exercise the degree of care required under the circumstances.

15. As a direct and proximate cause of the aforesaid collision, Plaintiff has sustained damages including significant past medical expenses, pain, suffering, embarrassment, mental anguish, and other non-economic damages.

16. Plaintiff will continue to incur substantial medical expenses for treatment of her injuries, including medical bills, and will continue to suffer from pain, embarrassment, and mental anguish in the future.

17. The collision and damages as aforesaid were solely as a result of the negligence of Defendant, without any negligence on the part of Plaintiff contributing thereto.

WHEREFORE, Plaintiff Jennifer Kim demands judgment against Defendant Miami Downtown Corp. in the total amount of Three Hundred Thousand Dollars ($300,000.00), plus court costs, and any and all other such relief the Court deems appropriate.

**JURY TRIAL IS DEMANDED**

/s/ Ronald S. Canter
Ronald S. Canter, Esq.
Bar # 335045
The Law Offices of Ronald S. Canter, LLC
200A Monroe Street, Suite 104
Rockville, Maryland 20850
Telephone: (301) 424-7490
Facsimile: (301) 424-7470
rcanter@roncanterllc.com

*Local address:*
400 S. Dixie Hwy #322
Boca Raton, Florida 33432
*Attorneys for Plaintiff*